UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK SHALTRY,

      Plaintiff,

v.                                                             Case Number 09-10609-BC
                                                               Honorable Thomas L. Ludington

CITY OF SAGINAW, ANJANETTE
TUER, RALPH CATER, THOMAS
FANCHER, GERALD CLIFF,

      Defendants.
_____/

## ORDER REJECTING SUBMISSION OF NONCOMPLIANT JURY INSTRUCTIONS, DIRECTING PARTIES TO RESUBMIT JURY INSTRUCTIONS, AND DETERMINING ADMISSIBILITY OF ARBITRATION AWARD

This matter was originally scheduled for trial to commence on May 4, 2010. A final pretrial conference was held on April 20, 2010. At the final pretrial conference, it became apparent that several issues required attention prior to trial and that a short adjournment of the trial date and an additional final pretrial conference were necessary. Thus, a second final pretrial conference is scheduled for May 19, 2010, and the trial is scheduled to commence on June 1, 2010. Two of the issues that required attention at the first pretrial conference, jury instructions and an arbitration award, now require further attention.

I

Pursuant to the case management and scheduling order, the parties were required to provide to chambers, on or before April 13, 2010, "a single set of proposed stipulated jury instructions" after undertaking "a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form." As of the first final pretrial

conference held on April 20, 2010, the parties had not provided joint proposed jury instructions to chambers. Thus, in an order subsequent to the final pretrial conference, the Court directed the parties to submit joint proposed jury instructions in compliance with the Court's case management and scheduling order on or before May 10, 2010.

On May 13, 2010, the parties submitted to chambers what purports to be joint proposed jury instructions, along with disputed instructions. The jury instructions were submitted in an incomprehensible format, and almost entirely without citation to legal authority. The Court's case management and scheduling order clearly provides:

> The parties are to provide to chambers a single set of proposed stipulated jury instructions on the date fixed for submission. The Court will provide proposed opening and closing instructions, and counsel are responsible for all instructions related to their specific claims or defenses. . . . In addition, each party shall separately submit any additional proposed instructions (in the same form and manner) to which any other party objects.

[Dkt. # 9, pp. 5-6].

Despite the language of the Court's order, the parties did not submit "a single set of proposed stipulated jury instructions," and "separately submit any additional proposed instructions." Instead, the parties have provided one document purporting to consist of both jointly agreed upon instructions and disputed instructions. In this case, such noncompliance with the Court's order is not a mere technicality, because it is impossible to decipher which instructions the parties have agreed upon, which additional instructions are being submitted by Plaintiff, and which additional instructions are being submitted by Defendants. While the parties have provided a "key" to aid the Court in interpreting the document submitted, the various types of bracketing, underlining, and strikethrough contained within the document leave the document incomprehensible. For example, some portions of the instructions contain both underlining and strike through, or bracketing and

underlining. Such provisions are impossible to accurately interpret. Moreover, if the Court were to remove portions of the instructions with underlining, strike through, or bracketing, in an attempt to find the agreed upon instructions, many of the instructions are simply left incomplete and indecipherable.

In addition, the case management and scheduling order provides that "[e]ach instruction shall contain references to authority (e.g., 'Devitt and Blackmar, Section 11.08')." [Dkt. # 9, pp. 5-6]. Of the ten pages of instructions submitted, only three instructions contain any reference to legal authority. Legal authority is necessary for the Court to evaluate the propriety of the instructions requested. Based on the above, the jury instructions submitted to the Court on May 13, 2010 will be rejected. The parties will once again be directed to submit "a single set of proposed stipulated jury instructions," and "separately submit any additional proposed instructions," with references to authority for each instruction. Continued noncompliance with the Court's order may result in appropriate sanctions.

II

At the first final pretrial conference, it became apparent that the parties had recently concluded arbitration proceedings, and that it would likely be necessary to determine whether the arbitration award will be admitted as evidence for the jury to consider. The parties were directed to provide briefing as to this issue. The parties' briefs [Dkt. # 25, 26] have clarified that neither party seeks to admit the arbitral decision in its entirety.

Defendants argue that the arbitral decision should be excluded in its entirety. Defendants acknowledge that the U.S. Supreme Court has stated that an "arbitral decision may be admitted as evidence and accorded such weight as the court deems appropriate." *Alexander v. Gardner-Denver*

*Co.*, 415 U.S. 36, 60 (1974). Factors that are relevant to admissibility include "the existence of provisions in the collective-bargaining agreement that conform substantially with Title VII, the degree of procedural fairness in the arbitral forum, adequacy of the record with respect to the issue of discrimination, and the special competence of particular arbitrators." *Id.* at 60 n.21; *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 549 (6th Cir. 2008).

Defendants contend that the arbitral decision should not be admitted in this case for four main reasons. First, Defendants argue that the provisions of the collective bargaining agreement do not "substantially conform" to the federal statues under which Plaintiff's claims are brought (Title VII and the Uniformed Services Employment and Reemployment Act ("USERRA")). Second, Defendants contend that the arbitration proceedings did not address substantial issues related to Plaintiff's claims of discrimination in this litigation, particularly Plaintiff's claims of retaliation and violation of USERRA. Third, Defendants emphasize that the arbitrator was not "specially competent" with respect to claims of gender discrimination, sexual harassment, or USERRA. Fourth, and finally, Defendants argue that the arbitral decision should also be excluded under Federal Rule of Evidence 403 because any "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, [and] misleading the jury."

In response, Plaintiff did not specifically address Defendants' arguments or any of the factors identified in *Alexander*. Rather, Plaintiff asserts that it is "willing to agree with the Defendants that the arbitration [decision] in its entirety should not be introduced to the jury." However, Plaintiff inserts the caveat that the following information from the arbitral decision should be submitted to the jury:

> [T]he stipulated question submitted to arbitration and which appears on page 5 of the arbitration opinion & award [i.e. "***Was there just cause for the termination of***

*Grievant's employment?*"] and the arbitrator's answer to the stipulated question which appears on page 35 of the arbitration opinion and award [i.e. "***Taking all of this into account, the Stipulated Issue (page 5) is answered, No***"] along with the caption to the opinion and award and the introduction caption along with the first paragraph of the introduction on page 2 of the arbitration opinion & award, the caption for the stipulated issue, the conclusion and award caption on page 35 and the date and signature spot for the arbitrator so as to give the jury context.

Pl. Br. 3. Notably, Plaintiff has not provided authority for admitting as evidence only the portion of the arbitral decision that is favorable to Plaintiff, while excluding the majority of the arbitrator's rationale and detailed explanation for reaching the final decision. Based on the above, there is no basis for the Court to find at this juncture that the arbitration award is admissible as evidence in this case.

III

Accordingly, it is **ORDERED** that proposed jury instructions submitted by the parties on May 13, 2010 are **REJECTED**.

It is further **ORDERED** that the parties are **DIRECTED** to submit joint proposed jury instructions in compliance with the Court's case management and scheduling order [Dkt. # 9] dated April 9, 2009 on or before **May 21, 2010**.

It is further **ORDERED** that the arbitral decision is **INADMISSIBLE**.

               s/Thomas L. Ludington
               THOMAS L. LUDINGTON
               United States District Judge

Dated: May 18, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing notice was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 18, 2010.

        s/Tracy A. Jacobs
        TRACY A. JACOBS