UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK SHALTRY,

      Plaintiff,

v.                                      Case Number 09-10609-BC
                                        Honorable Thomas L. Ludington

CITY OF SAGINAW, ANJANETTE
TUER, RALPH CATER, THOMAS
FANCHER, GERALD CLIFF,

      Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S NEW THEORY OF DAMAGES

On February 19, 2009, Plaintiff Patrick Shaltry filed a three-count complaint against Defendants City of Saginaw, Anjanette Tuer, Ralph Carter, Thomas Fancher, and Gerald Cliff, arising out of the termination of his employment as a police officer for the City of Saginaw on or about March 5, 2008. Plaintiff's claims are brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2 101 et seq., and the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 et seq.

Subsequent to his discharge, Plaintiff was awarded a "duty disability" pension due to physical injuries sustained in February and October 2006 and October 2007, retroactive to March 4, 2008. *See* [Dkt. # 25-2, p. 3-4]. In a decision issued March 30, 2010, as a result of an arbitration proceeding conducted pursuant to a collective bargaining agreement, an arbitrator found that Plaintiff's discharge should be converted to an unpaid disciplinary leave of absence and that he may be reinstated, provided that he is found to be physically and psychologically fit for duty. The

arbitrator determined that such a remedy was appropriate based on his finding that Plaintiff was a "troubled employee," meriting the application of a heightened "just cause" standard. The arbitrator noted that the award should not affect Plaintiff's disability pension. *See id.* [p. 36].

The case is scheduled for trial on June 1, 2010. Now before the Court is Defendants' motion in limine [Dkt. # 24], filed on May 3, 2010, to exclude evidence of a "new theory of damages" advanced by Plaintiff at a facilitation proceeding held on or about April 16, 2010. Defendants represent that Plaintiff's new theory of damages is that "Plaintiff has now stated that future employers will be less likely to hire him because he sued a former employer." Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires parties to disclose "a computation of each category of damages claimed," as well as make available documents or other evidence upon which such computation is based. Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." The sanction is "automatic and mandatory," unless the noncompliant party satisfies the burden of proving harmlessness. *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quotation omitted).

Plaintiff did not file a response to Defendant's motion, and the time to do so has passed. In the absence of any response, it is necessary to conclude that Plaintiff has not proved that nondisclosure of the described theory of damages was "substantially justified or harmless." Moreover, to the extent that the new "theory of damages" is properly characterized as such, rather than an independent cause of action not plead in the complaint, it was never reasonably disclosed.

Accordingly, it is **ORDERED** that Defendant's motion in limine [Dkt. # 24] to exclude evidence of Plaintiff's "new theory of damages" is **GRANTED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 21, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing notice was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 21, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---