UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK SHALTRY,

      Plaintiff,

v.                                                                                    Case Number 09-10609-BC
                                                                                                                          Honorable Thomas L. Ludington

CITY OF SAGINAW,

      Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR JUDGMENT AS A MATTER OF LAW**

Now before the Court is Plaintiff Patrick Shaltry's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 [Dkt. # 47], which was filed on December 9, 2010. Specifically, Plaintiff asserts that the issue of Defendant's business judgment as a legitimate, non-discriminatory reason for Plaintiff's termination has already been rejected by an arbitrator and should not be submitted to a jury. Defendant filed a response on December 23, 2010 [Dkt. # 50]. Defendant generally alleges that Plaintiff's Rule 50 motion is untimely and that it is not collaterally estopped from presenting its business judgment as a defense to Plaintiff's discrimination claims because the arbitrator did not address the same ultimate issues as in the instant action. Plaintiff filed a reply on December 29, 2010 [Dkt. # 52]. For the reasons provided hereafter, Plaintiff's motion will be **DENIED**.

**I**

The instant action arises out of events leading up to Plaintiff's discharge from his employment as a police officer with the City of Saginaw effective March 2008. Plaintiff had been the subject of several complaints filed by citizens for his on-duty conduct, and after the Saginaw

Police Department (the "Police Department") investigated these complaints Plaintiff was found to be in direct violation of several Saginaw Police Department General Orders. Following receipt of the final complaint, Plaintiff was placed on administrative leave. While on administrative leave, Plaintiff also required military leave for his duties as a member of the United States Air Force. Plaintiff did not notify the Police Department that he was taking military leave as is required under Department policy. The Police Department found Plaintiff to subsequently be uncooperative in answering questions regarding his military leave because Plaintiff did not believe such notice was necessary or reasonable given his being on administrative leave. As a result of the citizen complaints the Department received and his being uncooperative during the investigation into his military leave, Plaintiff was relieved of his duties as a Saginaw Police Officer. Plaintiff subsequently filed a three count Complaint in this matter alleging: (1) violations of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, et seq.; (2) hostile work environment and retaliation based on gender in violation of Title VII, 42 U.S.C. § 2000e et seq.; and (3) hostile work environment and retaliation based on gender in violation of the Michigan Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 et seq.

Before Plaintiff filed the instant action, he and his union challenged his discharge in an arbitration proceeding established by the collective bargaining agreement between the City of Saginaw ("City") and the Police Officers Association of Michigan ("POAM" or "Union"). The stipulated issue for determination by the arbitrator was: "Was there just cause for the termination of Grievant's employment? If not, what shall the remedy be?" (Pl.'s Mot. for Judgment as a Matter of Law Ex. 1 at 5.)

In an Opinion and Award dated March 30, 2010, Arbitrator Stanley T. Dobry found that

while the City properly suspended Plaintiff, Plaintiff was a "troubled employee" and therefore a heightened "modified just cause standard" was applicable. (Pl.'s Mot. for Judgment as a Matter of Law Ex. 1 at 15-16.) Under that standard, the arbitrator determined that there was not just cause for Plaintiff's termination. (Pl.'s Mot. for Judgment as a Matter of Law Ex. 1 at 35.) The arbitrator also found that although Defendant had legitimate reasons for suspending Plaintiff as a punishment for his transgressions, Plaintiff's discharge should be converted into an unpaid disciplinary leave of absence because of the mitigating factors and Defendant basing its discharge decision on some unproven charges. (*Id.*)

Before trial, Defendant filed a memorandum of law opposing the admissibility of the arbitration decision [Dkt. # 25]. Defendant argued that the arbitral decision should be excluded in its entirety. Plaintiff, through his response to Defendant's memorandum of law, sought to have only the portion of the arbitral decision favorable to him admitted as evidence–the finding that there was not just cause for his termination–while excluding the majority of the arbitrator's rationale and detailed explanation for reaching the final decision. The Court found that there was no basis for the arbitration award to be admissible as evidence at that juncture in the case [Dkt. # 27].

The case initially proceeded to trial on June 8, 2010. On the third day of trial, it became apparent to the Court that the case could not be tried in the number of days anticipated, and a mistrial was declared. After the mistrial, the Court directed the parties to address whether the outcome of the arbitration affected Plaintiff's damages or causes of action, given that Plaintiff's discharge had been converted into a disciplinary leave of absence and provides that Plaintiff is to be reinstated to his former employment when he becomes physically and mentally fit for duty. [Dkt. # 40]. Discovery and motions practice were reopened as to these limited issues, with the motion

cutoff date extended until September 30, 2010. [Dkt. # 40; Dkt. # 43]. Plaintiff then filed the instant motion, asserting that the substance of the arbitration award should result in a directed verdict on the issue of Defendant's proffering a legitimate, non-discriminatory reason for Plaintiff's discharge pursuant to Rule 50.

## II

Employment discrimination cases based on circumstantial evidence employ the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). If the plaintiff provides circumstantial evidence of discrimination, the employer can then rebut this by proffering a legitimate, non-discriminatory reason for its action. *See Hendrick v. Western Reserve Care System*, 355 F.3d 444, 459-60 (6th Cir. 2004). Plaintiff contends a directed verdict pursuant to Rule 50 is appropriate in this case to remove the issue of Defendants' legitimate non-discriminatory reason for Plaintiff's termination from the jury's consideration. Rule 50(1) provides that:

> "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In its response, Defendant first emphasizes that Rule 50 does not apply to this situation because the issue has not been fully heard during a jury trial, and Rule 50 is not a rule of evidentiary exclusion or issue preclusion. Plaintiff asserts that under Rule 50(a)(2), a motion for judgment as a matter of law can be brought at any time, even before evidence is submitted to a jury. Plaintiff suggests he is seeking to prevent Defendant from offering evidence of its legitimate, non-discriminatory reason for Plaintiff's termination pursuant to the doctrine of collateral estoppel. Defendant notes that if Plaintiff's motion is construed as a motion falling under a different rule such

as a motion in limine or for summary judgment based on collateral estoppel, it should still be denied as untimely because the dispositive motion filing deadline of September 30, 2010 has passed. Plaintiff also has not sought leave to file his untimely motion or provided good cause for further extension of the deadline, and the motion may thus be denied on those grounds. However, the issue of whether collateral estoppel applies to the findings of the arbitrator is relevant to the manner in which the impending trial will proceed, and the Court's independent review of the issue presented by Plaintiff's motion is justified.

Plaintiff contends that the arbitrator found Defendant's proffered reasons for Plaintiff's termination to not be reasonable and thus constituted a violation of the collective bargaining agreement between POAM and the City. Plaintiff offers this Court's previous decision in *McDole v. City of Saginaw* [07-13697 Dkt. # 32], as supporting his contention that the arbitrator's decision precludes Defendant's offering evidence of its legitimate, non-discriminatory reasons for Plaintiff's termination at trial. The Court noted in *McDole* that both state and federal law gives binding effect to factual findings made by an arbitrator.[1] *See Cole v. West Side Auto Employees Federal Credit Union*, 583 N.W.2d 226, 229-30 (Mich. Ct. App. 1998); *Porter v. City of Royal Oak*, 542 N.W.2d 905 (Mich. Ct. App. 1995). However, the Court also stated that the arbitration's factual findings did not have a binding effect. [07-13697 Dkt. # 32]. This was because the plaintiff in *McDole* did not

---

[1] Plaintiff also emphasizes that Defendant, who was the defendant in *McDole*, argued in *McDole* that factual determinations by an arbitrator could not be re-litigated in a subsequent discrimination lawsuit. The Court, however, disagreed with Defendant and denied its motion to bar the plaintiff from re-litigating factual issues decided at arbitration. Plaintiff does not explain how Defendant's argument in the *McDole* case applies to the instant case, especially given that the Court found this argument–which Plaintiff now attempts to make–to be unconvincing. Furthermore, Plaintiff provides no support for his argument that Defendant is bound by its unsuccessful legal argument made in a previous, unrelated case with a different plaintiff.

arbitrate his statutory claim under Michigan's Elliot-Larsen Civil Rights Act, as did the plaintiff in *Porter*. Additionally, the union involved in *McDole*, as opposed to plaintiff himself, submitted his claim that he was wrongfully discharged by his employer to arbitration thus making the holding in *Cole* inapposite. The holdings in *Porter* and *Cole* are equally inapposite in the instant case as the plaintiff similarly did not arbitrate his claims under the anti-discrimination statutes and his union–as opposed to Plaintiff himself–submitted the wrongful discharge claim to arbitration.

Plaintiff, however, attempts to distinguish the present case from the factual situation in *McDole* by noting that the arbitrator's decision goes to the very defense which Defendant will seek to utilize at the time of trial. Plaintiff does not explain how this would change the outcome of the application of *Porter* or *Cole*, especially given this Court's extensive discussion in its *McDole* decision regarding the inapplicability of collateral estoppel to arbitration decisions made pursuant to collective bargaining agreements, when, as here, the prior arbitration proceeding was brought on behalf of the plaintiff by the union. *See* [07-13697 Dkt. # 32] (noting that "[l]ike the U.S. Supreme Court and the Sixth Circuit Court of Appeals, a Michigan court of appeals has concluded that collateral estoppel does not preclude litigation of factual issues decided in a labor arbitration proceeding governed by a collective bargaining agreement when the plaintiff subsequently brings a lawsuit alleging violations of state civil rights statutes") (citation omitted); *Gomez-Mesquita v. City of Detroit*, No. 06-12844, 2007 WL 2225859, at *4-5 (E.D. Mich. Aug. 2, 2007) (finding collateral estoppel did not apply to either plaintiff's federal or state statutory civil rights claims when the prior arbitration proceeding was brought on behalf of the plaintiff by the union).

Both Michigan courts and the Sixth Circuit have held that collateral estoppel does not apply to an action under anti-discrimination statutes where a previous arbitration addresses only

contractual issues, such as collective bargaining rights under a collective bargaining agreement. *See Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 547 (6 th Cir. 2008); *Arslanian v. Oakwood United Hosps., Inc.*, 618 N.W.2d 380, 385 (Mich. Ct. App. 2000). As noted in *Nance*, "the expertise of the arbitrators lies in the application of facts to the terms of an employee's contract or collective bargaining agreement, [while] the expertise of the federal courts lies in the application of facts to anti-discrimination statutes." 527 F.3d at 548. Certain facts may have one meaning under a collective bargaining agreement but an entirely different meaning for the purposes of an anti-discrimination statute, making the "legal *and* factual issues raised in [the plaintiff's discrimination] claim . . . beyond the competence of the ordinary arbitrator whose primary expertise concerns the demands and norms of industrial relations." *Id.* at 549 (emphasis in original) (citation and quotation omitted). Furthermore, if a plaintiff does not expressly waive his right to bring claims in federal court, a prior arbitration does not preclude the Court from reconsidering all factual issues underlying a statutory claim. *Id.* Here, the arbitrator's task was to determine whether there was just cause for Plaintiff's termination under the applicable collective bargaining agreement. The arbitrator was not called upon to decide whether the discharge violated any anti-discrimination statutes and Defendant contends it is not precluded from putting forth a factually-based defense to Plaintiff's discrimination claim in the instant action.

Defendant additionally argues that collateral estoppel is inapplicable because the arbitrator did not determine whether Sgt. Tuer, who is now dismissed from the case, sexually harassed or retaliated against Plaintiff as Plaintiff has alleged in his complaint. As a result, the arbitration did not involve the "same ultimate issues" as the instant case, nor were those issues "actually litigated" as is required in applying collateral estoppel. *VanDeventer v. Mich. Nat. Bank*, 172 Mich. App. 456,

463 (Ct. App. 1988). Furthermore, the arbitrator's decision did not find fault with Defendant's proffered reasons for Plaintiff's discharge, but instead found that the mitigating factors warranted a different punishment. As a result, there is not a factual basis for precluding Defendant from presenting its legitimate non-discriminatory reasons for termination.

The arbitration decision in the instant case addresses the wrongful discharge claim brought by Plaintiff's union and not Plaintiff's claims under the anti-discrimination statutes. Accordingly, collateral estoppel does not bar Defendant from re-litigating the factual and legal issues determined in the prior arbitration proceeding with respect to both Plaintiff's federal and state claim. As a result, Plaintiff's motion will be **DENIED**.

### III

Accordingly, it is **ORDERED** that Plaintiff's motion for judgment as a matter of law [Dkt. # 47] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 20, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing notice was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 20, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---