UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK SHALTRY,

    Plaintiff,

v.                                                                          Case Number 09-10609-BC
                                                                                                Honorable Thomas L. Ludington

CITY OF SAGINAW,

    Defendant.
_____/

## ORDER AFFIRMING PRIOR ORDER GRANTING DEFENDANT'S MOTION IN LIMINE AND DENYING PLAINTIFF'S MOTION TO COMPEL

On May 21, 2010, this Court issued an order granting Defendant City of Saginaw's ("Defendant" or "the City") motion in limine to exclude Plaintiff Patrick Shaltry's ("Plaintiff") new theory of damages [Dkt. # 29]. Plaintiff advanced this theory of damages at a facilitation proceeding held on or about April 16, 2010. The theory actually has two facets. First, Plaintiff contends that he should be permitted to offer an expert's opinion that future employers would be less likely to hire him because he has sued a former employer. Second, that after Plaintiff's employment was terminated, Defendant's employees communicated adverse information to employers where Plaintiff was seeking employment. The Court found that "to the extent that Plaintiff's new 'theory of damages' was properly characterized as such, rather than an independent cause of action not plead[ed] in the complaint, it was never reasonably disclosed." [Dkt. # 29].

The case initially proceeded to trial on June 8, 2010. On the third day of trial, it became apparent to the Court that the case could not be tried in the number of days anticipated, and a mistrial was declared. It was also made apparent during the trial that the parties disagreed about how the arbitration award, which converted Plaintiff's discharge into a disciplinary leave of absence

providing that he is to be reinstated when he becomes physically and mentally fit for duty, affects the case. The Court directed the parties to address whether this information impacted Plaintiff's cause of action or theory of damages, whether this information should be furnished to the jury, or whether there were any other legal implications as to Plaintiff's claims. [Dkt. # 40]. Discovery and motion practice was then reopened with respect to these limited issues.

# I

After discovery was reopened, Defendant sent Plaintiff a discovery request asking, in relevant part, if "the City of Saginaw, or any employee or representative provided adverse information to any prospective employer regarding your employment with the City of Saginaw" and the "[n]ame of the person(s) who supplied the information." [Dkt. # 51 Ex. A]. Plaintiff responded that the name of the person or persons who supplied such information is "[u]nknown at this time." [Dkt. # 51 Ex. A]. Defendant also asked if "any prospective employer told [Plaintiff that] they have received any information from the City of Saginaw regarding [Plaintiff's] employment with the City?" [Dkt. # 51 Ex. A]. Plaintiff responded that "[n]o one has directly told [him] they received information" but that it was very "clear information was conveyed." [Dkt. # 51 Ex. A]. Although Plaintiff suggests that there have been communications between the City and his prospective employers, he acknowledges no evidence to support this belief. Furthermore, Plaintiff's new theory of damages on this issue is unrelated to and do not arise naturally from his causes of action under Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e et seq., or the Michigan Elliot-Larsen Civil Rights Act, M.C.L. § 37.2101 et seq. As a result, the Court's prior order **GRANTING** Defendant's motion in limine to exclude evidence of Plaintiff's new theory of damages is **AFFIRMED**.

**II**

Plaintiff also filed a motion to compel production of documents on December 6, 2010 [Dkt. # 45]. Plaintiff's motion requests that the Court compel Defendant to produce information requested on October 20, 2010 regarding a taser incident involving Sergeant Tuer that occurred at the 2010 Summer Outdoor Film Festival. Plaintiff asserts that this information is necessary to determine what, if any, discipline Sergeant Tuer received as a result of the taser incident. However, Plaintiff does not explain how this event, which post-dates the complaint in this action, relates to the causes of action pleaded. Moreover, the discovery cutoff date in this action was extended to December 30, 2009, and limited discovery was later allowed through August 6, 2010 on the issue of how the arbitrator's decision in this case affects Plaintiff's causes of action or new theory of damages. [Dkt. # 40]. Plaintiff's request for production of documents, which falls outside the scope of the limited discovery, was made after both of these discovery cutoff dates had passed. As a result, Plaintiff's motion to compel is untimely and will thus be **DENIED**.

**III**

Accordingly, it is **ORDERED** that the Court's prior order granting Defendant's motion in limine to exclude evidence of Plaintiff's new theory of damages [Dkt. # 29] is **AFFIRMED**.

It is further **ORDERED** that Plaintiff's motion to compel [Dkt. # 45] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 20, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing notice was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 20, 2011.

s/Tracy A. Jacobs  
TRACY A. JACOBS